In the Matter of the Claim of HARRY ESTREICHER, Respondent, against RAND FORCE AMUSEMENT CORP. et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from a decision of the Workmen's Compensation Board which relieved the Special Fund for Reopened Cases from liability and held appellants liable for future compensation and medical expenses. Claimant was injured in 1945 while in the course of his employment. He received treatment for an ear injury, but, as the time lost was less than the statutory period (Workmen's Compensation Law, § 12), no award was made. Various hearings were held and adjournments had until, at a scheduled hearing on July 6, 1953, where the claimant was not present, the referee closed the case for nonappearance. Subsequently, the case appeared on the regular calendar in 1953 and 1954. The carrier applied to have the case scheduled on a 25-a calendar on the ground that the Special Fund for Reopened Cases should bear any further liability. The board found that, prior to the hearing of July 6, 1953, the claimant had requested an adjournment but that through error this had not come to the attention of the referee in time. The board further found that on July 18, 1953, the "case was reopened". In substance, the board held that the "closing" of July 6, 1953, had been due to inadvertence or error. Its subsequent action on July 18, 1953, was not a technical reopening of a closed case but was a rescission of the mistaken action of the referee in closing the case. The board's action was taken within 30 days after the date of the referee's decision, so the decision never became final (Workmen's Compensation Law, §§ 23, 123, 150). While there is no proof in the record that the postponement had been requested,

as found by the board, or that the board had taken any formal action to "reopen" the case, there is no need for proof other than the board's own statement, as to such matters relating to its own internal processes. That the case later reappeared on the referee's calendar bears out the board's statement. It cannot be doubted that the board had the power to deal with the referee's mistake in this manner (*Matter of Barnes* v. *New York World's Fair 1939*, 277 App. Div. 819). This is obviously not a case of the reopening of a stale claim, within the contemplation of section 25-a of the Workmen's Compensation Law. Decision of the Workmen's Compensation Board affirmed, without costs. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.